SAMPSON v. BUFFALO, NEW YORK AND PHILADELPHIA RAIL-
ROAD COMPANY, appellant.

*Evidence — of contents and filing of notice of mechanics' lien — clerk's certificate
not.*

In an action to foreclose a mechanic's lien, *held*, (1) that the notice of lien filed
in the county clerk's office could not be proved by a certified copy thereof
from such office; and (2) that the certificate of the county clerk stating when
it was filed was not proper evidence of that fact. *Baldwin* v. *Ryan*, 3 N. Y.
Sup. 253.

APPEAL from a judgment in favor of plaintiff entered upon the
report of a referee. The action was brought in Wyoming county
by Joseph P. Sampson to enforce a mechanic's lien. The facts
appear sufficiently in the opinion.

*Brown, Rogers & Locke,* for appellant.

*L. Spring* and *S. S. Spring,* for respondent. The clerk's cer-
tificates were proper and sufficient evidence. *Cronkright* v. *Thom-
son,* 1 E. D. Smith, 663; Nott's Lien Law, 48, 49, 50; *American
Ins. Co.* v. *Catlett,* 4 Wend. 86.

E. DARWIN SMITH, J. This is an appeal by the defendant
from a judgment rendered upon the report of a referee in an action
to enforce a mechanic's lien for work done and materials furnished
in the construction of a bridge on the appellant's railroad.

The appeal came before us upon the report of the referee and a
case containing exceptions. The first point made upon the argu-
ment by the defendant's counsel is that the referee erred in deny-
ing the motion for a nonsuit made at the close of the plaintiff's
case.

When the plaintiff rested he had given evidence as the case states,
tending to prove that Augustus Moore and ten other parties, in-
cluding the plaintiff, had performed labor in September and Octo-
ber, 1871, for Peter McGraw in the construction of a bridge on the
lines of the defendant's railway in Arcade, in the county of Wyo-
ming, in various kinds of work, including service by themselves
and teams for the time stated, and that they had respectively served

notices upon the county clerk of Wyoming of their claims for a lien upon said bridge and road for their claims against the said Peter McGraw, as a contractor or sub-contractor, for the erection of said bridge at certain times therein stated, and that such claims had all been duly assigned to the plaintiff.

The motion for a nonsuit was made upon several grounds stated; that plaintiff had not proved facts sufficient to constitute a cause of action; that he had failed to establish any valid lien to be enforced; that the lien sought to be established had expired, and that the action was not brought in the name of the real parties in interest.

The plaintiff, I think, had failed at this time to show any valid liens established. He had not shown that the work in question had been done under any contract with McGraw, but this point was made clear by the defendant's testimony afterward given, which shows that said work was in fact done under a contract between the railroad company and one Robertson; that said Robertson received the pay for such work from the defendant, and completed the same. There is not, that I can see, the slightest evidence that said McGraw was a sub-contractor on said work under Robertson, or had any individual interest therein. It is in proof that he hired the plaintiff and the other persons above referred to, whose claims have been assigned to the plaintiff, but in what capacity, whether as an original party or as a superintendent, or agent or foreman under Robertson, does not appear.

All that really appears on this point is, that McGraw was super-intending the construction of said bridge and hired the persons named.

The finding of the referee that these claimants did the work in question for Peter McGraw, as a contractor or sub-contractor for said bridge, is, I think, erroneous and unsustained by the evidence; but if this finding could be sustained, it is quite clear, I think, that the plaintiff entirely failed to establish any lien for himself and the other persons whose claim had been assigned to him upon the defendant's bridge.

He did not prove the due filing of the proper notice in the county clerk's office. The notice of such a lien could not be proved by a certified copy thereof from the county clerk's office. Such certificates produced and read under objection and exception proved nothing, except at best that such a paper was on the

files of the clerk's office. It did not dispense with proof of its genuineness and when it was filed.

The certificates of the county clerk, if in due form, could verify nothing but the paper itself and what appeared upon it. The clerk could not certify an independent fact not appearing on its face.

His certificate stating when it was filed was not proper evidence of that fact. *Baldwin* v. *Ryan*, 3 N. Y. Sup. 253.

If the notice had been proved or acknowledged, so as to make it evidence itself upon its face, without other proof of its authenticity under the statute (Laws 1833, chap. 271, § 9), perhaps it would have been otherwise. *George* v. *Toll*, 39 How. 504; *Selden* v. *Del. & Hud. Canal Co.*, 29 N. Y. 638; *Bissell* v. *Pearce*, 28 id. 252.

There was, therefore, no proper proof given that any notice of the claim of the plaintiff and others of a lien was ever made or filed. I do not see, therefore, why the judgment should not be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*